FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

01 SEP 25  AM 10: 22

U.S. DISTRICT COURT
N.D. OF ALABAMA

TAPETHA R. SPENCER,                    }
                                       }
        Plaintiff,                     }
                                       }
v.                                     }         CASE NO. CV 00-B-3445-S
                                       }
MERCEDES-BENZ U.S.                     }
INTERNATIONAL,                         }
                                       }         ENTERED
        Defendant.                     }
                                                 SEP 2 5 2001

MEMORANDUM OF OPINION

This case is before the court on defendant Mercedes-Benz U.S. International, Inc.'s

Motion to Dismiss and for Attorney's Fees.   Upon due consideration of defendant's Motion and

Plaintiff's Opposition, the court finds that defendant's motion to dismiss is due to be granted.

Defendant's motion for award of attorney's fees will be denied.

The complaint alleges violations of Title VII, specifically harassment and retaliation by

defendant after plaintiff filed a charge of discrimination with the Equal Employment Opportunity

Commission ("EEOC") and a subsequent lawsuit in federal court on January 10, 2000.   On April

26, 2000, plaintiff filed a charge of discrimination with the EEOC regarding her allegations of

retaliation.   The EEOC dismissed the charge and issued a Notice of Suit Rights ("right-to-sue

letter") on July 12, 2000.   The right-to-sue letter states in part:

> This will be the only notice of dismissal and of your right to sue that we
> will send you.  You may file a lawsuit against the respondent(s) under
> federal law based on this charge in federal or state court.  Your lawsuit
> **must be filed WITHIN 90 DAYS of your receipt of this Notice;**
> otherwise, your right to sue based on this charge will be lost.

The Complaint in this case was filed on November 30, 2000, one hundred forty-one days after

the EEOC issued the right-to-sue letter.   For the Complaint to have been timely filed, the right-to-sue letter must have been received by plaintiff on September 1, 2000, or later.   While the Complaint fails to indicate the date of the pertinent EEOC charge, the date of the issuance of the right-to-sue letter, or the date on which plaintiff received notification, plaintiff states in her Opposition to Defendant's Motion to Dismiss that she "did not receive notice from the EEOC of the Dismissal and Notice of Rights to plaintiff until *on or about* September 1, 2000." (emphasis added).  This vagueness on the plaintiff's part, particularly as she now alleges that she received the right-to-sue letter approximately seven weeks after it was issued, is insufficient to counter defendant's motion.  If such an extraordinary delay occurred, it is reasonable to expect plaintiff to have noted the date of receipt, having been clearly notified of the importance of timely filing any lawsuit.  The court notes that no explanation is offered as to why the mailing could have been delayed for such an extended period of time, and further notes that the address to which the EEOC sent the right-to-sue letter, 3530 Highland Oaks Dr., Tuscaloosa, AL 35405, is the same address which plaintiff has provided to this court as her current address.

Plaintiff must comply with the procedural requirements to sue.  Part of that obligation is to demonstrate that suit was filed within the ninety-day limitations period.   In *Lewis v. Conners Steel Co.,* 673 F.2d 1240, 1242 (11th Cir. 1982) the court stated:

> There is no reason why a plaintiff should enjoy a manipulable
> open-ended time extension which could render the statutory
> minimum meaningless.  Plaintiff should be required to assume
> some minimum responsibility himself for an orderly and
> expeditious resolution of his dispute.

Plaintiff has failed to meet her burden of showing that she filed suit within ninety days of receipt of notice of her right to sue.   Placing this *de minimis* burden on the plaintiff corresponds with the legislative purpose supporting the ninety-day filing period, which "is a protection to the

employer and is plainly there for its benefit alone." *Zambuto v. American Telephone &*
*Telegraph Co.,* 544 F.2d 1333, 1335 (5th Cir. 1977) .   In this instance, plaintiff has not
established by competent evidence that she timely filed her complaint.   Therefore, her claims
under Title VII are time-barred, and this action is due to be dismissed.

The court considers the motion for award of attorney's fees to be well-made.   However,
given that plaintiff's counsel has withdrawn and the unlikelihood of recovering from plaintiff, the
court declines to order plaintiff to pay attorney fees to the defendant's counsel at this time.

**DONE** this _24th_ day of September, 2001.


SHARON LOVELACE BLACKBURN
United States District Judge